CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CREADELL HUBBARD, | CASE NO. 7:15CV00599 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES RATLEDGE, WARDEN, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Creadell Hubbard, an inmate at the United States Penitentiary in Lee County, Virginia, proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Hubbard asserts that his sentence is unlawful, and the court should order that he be resentenced. Upon review of the record, the court concludes that the petition must be summarily dismissed as without merit.[1]

Hubbard was convicted, in the United States District Court for the Eastern District of North Carolina, of bank robbery and related charges, for which he was sentenced in April 1989. He admits that he previously challenged that judgment, unsuccessfully, in a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. In his § 2241 petition, Hubbard asserts that his enhanced sentence of 327 months under the Career Offender provision of the United States sentencing guidelines exceeded the maximum sentence allowed by law for his offense— 300 months. Therefore, he seeks resentencing.

A district court may not entertain a habeas corpus petition pursuant to § 2241 attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); see, e.g., Swain

---

[1] See Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Hubbard may not challenge his Career Offender sentence enhancement via § 2241. The substantive law has not changed so that Hubbard is actually innocent of bank robbery and his other offenses so as to render § 2255 inadequate and ineffective to test the legality of those convictions. Nor does Hubbard offer evidence that he is actually innocent of the prior convictions used to enhance his federal sentence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence under Jones applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). "Fourth Circuit precedent has . . . not [otherwise] extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34)). Finally, the fact that a new § 2255 motion from Hubbard would be time barred or considered successive does not make § 2255 review

2

"inadequate" or "ineffective." In re Vial, 115 F.3d at 1194 n. 5. Accordingly, Hubbard may not proceed via § 2241, and his petition is dismissed. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 9th day of November, 2015.

/s/ Glen Conrad
Chief United States District Judge