CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 07 2019

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CREADELL HUBBARD, ) | CASE NO. 7:15CV00002 |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| ) | |
| CHRISTOPHER ZYCH, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| | |
| CREADELL HUBBARD, ) | CASE NO. 7:15CV00599 |
| ) | |
| Petitioner, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ) | |
| CHARLES RATLEDGE, WARDEN, ) | By: Hon. Glen E. Conrad |
| ) | Senior United States District Judge |
| Respondent. ) | |

Creadell Hubbard, a federal inmate at the United States Penitentiary in Lee County, Virginia, proceeding pro se, filed these habeas corpus petitions under 28 U.S.C. § 2241. In his first petition, Hubbard asserts that in light of United States v. Descamps, 570 U.S. 254 (2013), his sentence is unlawful, and the court should now revisit it. In the second, he contends that his sentence exceeded the statutory maximum and must be corrected. Upon review of the record, the court concludes that the petitions must be summarily dismissed for lack of jurisdiction.[1]

## Background

A jury in the United States District Court for the Eastern District of North Carolina found Hubbard guilty of bank robbery by use of a dangerous weapon (Count One), possession or use of

---

[1] See Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

a firearm during a crime of violence (Count Two), possession of stolen money (Count Three), and conspiracy to possess stolen money (Count Four). United States v. Hubbard, No. 5:88CR00040. On April 21, 1989, the court sentenced Hubbard to 327 months in prison on Count One, with Counts Three and Four merged into that count; 60 months in prison on Count Two, consecutive to the sentence on the other counts; and three years of supervised release.[2] His appeal was unsuccessful. United States v. Hubbard, 919 F.2d 734 (4th Cir. 1990), cert. denied, 499 U.S. 969 (1991). Hubbard also filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 that was denied. United States v. Hubbard, Nos. CR-88-40; CA-97-320-BO (E.D.N.C. Aug. 3, 1999), appeal dism'd, United States v. Hubbard, 210 F.3d 363 (4th Cir. 2000) (unpublished). In July 2014, the United States Court of Appeals for the Fourth Circuit denied his motion under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion, raising his current claim under Descamps.

In the first of these § 2241 petitions, Hubbard asserts that the district court erred in finding him eligible for an enhanced sentence under the Career Offender provision of the United States Sentencing Guidelines, based on his prior convictions. Specifically, Hubbard asserts that, in light of the holding in Descamps,[3] his 1976 conviction for third-degree burglary under Kentucky law no longer qualifies as a crime of violence, to make it a prior predicate felony for a Career Offender enhancement. In February of 2015, the court summarily dismissed the case, holding that Hubbard had not met the standard under In re Jones, 226 F.3d 328 (4th Cir. 2000) and § 2255(e) to show that he could challenge his sentence in a § 2241 petition.

---

[2] See Order, ECF No. 28 (attached copy of Judgment).

[3] In Descamps, the Supreme Court of the United States held that a sentencing court may not look beyond the text of an indivisible statute, which is a statute that does not set out one or more elements of the offense in the alternative, and review certain documents when determining if a defendant is an Armed Career Criminal under 18 U.S.C. § 924(e). 133 S. Ct. at 2281-82.

In the second § 2241 petition, No. 7:15CV00599, Hubbard claims that the court erred in sentencing him to 327 months in prison, when the maximum sentence allowed under 18 U.S.C. § 2113(d) was 300 months (25 years). Again, the court summarily dismissed the case, holding that Hubbard had not made the required showings under In re Jone, and § 2255(e) to proceed under § 2241.

Hubbard appealed the dismissals of both cases.[4] The court of appeals found that his claims should be considered under its recent decisions in United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018), and Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), and remanded the cases "for further consideration of the petition[s], including any relevant jurisdictional issues." Hubbard v. Zych, 747 F. App'x 186 (4th Cir. 2019); Hubbard v. Ratledge, 747 F. App'x 187 (4th Cir. 2019). This court stayed consideration of the petitions until the United States Supreme Court denied the United States' petition for a writ of certiorari in Wheeler. Thereafter, the United States filed motions to dismiss the petitions as moot. Hubbard has responded, making the motions ripe for consideration.

When Hubbard filed his § 2241 petitions and for some time thereafter, he was confined at the United States Penitentiary in Lee County, Virginia ("USP Lee"). On March 23, 2018, he completed his federal prison terms and was placed on supervised release in the Eastern District of North Carolina. A month later, his supervision was transferred to the Southern District of Indiana.

---

[4] While these cases were on appeal, Hubbard sought and obtained court of appeals certification to file a successive § 2255 motion in the Eastern District of North Carolina. In re Hubbard, 825 F.3d 225, 227 (4th Cir. 2016). In this § 2255 motion, he argued that his mandatory Sentencing Guidelines career offender sentence is unconstitutional under the rule announced in Johnson v. United States, 135 S. Ct. 2551 (2015). The district court dismissed the petition in August of 2019 as untimely filed in light of United States v. Brown, 868 F.3d 297 (4th Cir. 2017) (holding that a Johnson challenge to a sentence imposed under the then-mandatory Sentencing Guidelines is untimely, in light of Beckles v. United States, 137 S. Ct. 886 (2017)).

3

## Discussion

Section 2241(c) authorizes this court to grant habeas relief to a prisoner who is both "in custody under or by color of the authority of the United States" and "in custody in violation of the Constitution or laws or treaties of the United States." A former federal prisoner, like Hubbard, who is serving a term of supervised release, qualifies as being "in custody" for purposes of seeking habeas relief. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

The United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases or controversies. U. S. Const., art. III, § 2; Honig v. Doe, 484 U.S. 305, 317 (1988). "When a case or controversy ceases to exist—either due to a change in the facts or the law—the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." Porter v. Clarke, 852 F.3d 358, 363 (4th Cir. 2017).[5] In a habeas corpus case, "[n]o case or controversy exists unless the petitioner has suffered an actual injury that can be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). If the § 2241 petitioner has served his prison term and his supervised release term, no live controversy exists that the court could resolve by addressing his challenge to the legality of his criminal sentence, and the § 2241 claim is moot. See United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008).

In response to the motions to dismiss, Hubbard contends that his sentence challenges are not moot. He asserts that if his sentence was held invalid, the court could choose to reduce his term of supervised release. See, e.g., Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) ("When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain any potential benefit from a

---

[5] The court has omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

4

favorable decision."). The United States has not demonstrated that Hubbard could not benefit from a favorable decision on his § 2241 claim, and the court cannot so find. See, e.g., United States v. Johnson, 529 U.S. 53, 59-60 (2000) (holding that although finding inmate spent too much time in prison would not automatically entitle him to less supervised release or modified conditions of release, it would carry "equitable considerations of great weight" in a motion to reduce his term of supervised release under 28 U.S.C. § 3583). The availability of a potential benefit from a decision on the § 2241 claim is sufficient to prevent that claim from being moot. Pope, 889 F.3d at 414; see also United States v. Epps, 707 F.3d 337, 345 (D.C. Cir. 2013); Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005). For the stated reasons, the court will deny the motions to dismiss the § 2241 petitions as moot.

The United States also argues that in the event the court concludes that the § 2241 claims are not moot, the cases should be transferred to the United States District Court for the Southern District of Indiana, where Hubbard is serving his supervised release. See 28 U.S.C. § 2241(a) (providing that writ of habeas corpus "shall be entered in the records of the district court of the district wherein the restraint complained of is had"). It is well established, however, that because Hubbard was confined at USP Lee, within the jurisdiction of this court, when he filed this § 2241 petitions, this court "retains jurisdiction" to address his claims. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). Accordingly, the court will deny the United States' motions.

Although the United States did not move for dismissal of Hubbard's § 2241 petitions on any substantive ground, the court finds that summary dismissal for lack of jurisdiction is warranted. A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a habeas corpus

5

petition under § 2241 challenging a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); Wheeler, 886 F.3d at 423. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In this circuit, a § 2255 motion is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. These "savings clause requirements are jurisdictional." Id. at 426.

In No. 7:15CV00002, Hubbard asserts that he is entitled to have his sentence revisited under this Wheeler standard because of the United States Supreme Court's 2013 decision in Descamps that occurred several years after Hubbard's appeal and initial § 2255 proceedings. However,

> Descamps and [the related decision in] Mathis did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. See Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Descamps, 570 U.S. at 260, 133 S. Ct. 2276 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013) ("In Descamps, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach").

Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished). Because Hubbard's § 2241 petition does not rely on a retroactively applicable change in substantive law subsequent

6

to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of Wheeler to bring his petition under the savings clause in § 2255(e). Accordingly, the court is without jurisdiction to address his claim under § 2241 and will summarily dismiss his petition.[6]

In No. 7:15CV00599, Hubbard asserts that his 327-month prison sentence for bank robbery exceeds the maximum sentence authorized under 18 U.S.C. § 2113(d). Based on the dismissal of his prior § 2255 motion, he asserts that the remedy in § 2255 is not available to him and he may pursue his illegal sentence claim under § 2241. He is mistaken. He could have raised his sentence challenge on direct appeal or in his § 2255 motions, but he failed to do so. Because Hubbard has not satisfied the requirements of Wheeler to bring his petition under the savings clause in § 2255(e), the court is without jurisdiction to address his claim under § 2241. Therefore, the court will summarily dismiss his petition. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 6th day of November, 2019.

                                                    Senior United States District Judge

---

[6] Under Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to § 2241 cases under Rule 1(b), if it appears from the face of a § 2241 petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the court must dismiss the petition.